FILED
CLERK
1/23/2020 9:58 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CESAR ALEMAN *on behalf of himself and all others similarly situated*,

                Plaintiff,

    -against-

GC SERVICES LIMITED PARTNERSHIP,

                Defendant.
----------------------------------------------------------X

**ORDER**
19-CV-2778 (JMA) (AYS)

**AZRACK, United States District Judge:**

On December 14, 2018, plaintiff initiated a civil action against the defendant in the Supreme Court of the State of New York, County of Suffolk, by filing a Summons with Notice. Plaintiff served the Summons with Notice on the Secretary of State on April 12, 2019, who then served defendant on April 29, 2019. (ECF No. 1.) Defendant removed the action to Federal Court on May 10, 2019. (Id.) A complaint was never filed in Federal Court.

On June 12, 2019, this case was referred to the Court Annexed Arbitration Program pursuant to Local Civil Rule 83.7. (ECF No. 6.) However, it does not appear that an arbitration was held, as plaintiff never filed a complaint for defendant to answer. On December 11, 2019, this Court issued a Status Report Order, directing plaintiff to file a Status Report by January 10, 2020. (Electronic Order, 12/11/2019.) Plaintiff failed to comply with that Order. Accordingly, this Court issued a second Status Report Order on January 14, 2020, directing plaintiff to file a Status Report by January 21, 2020. (Electronic Order, 1/14/2020.) Plaintiff was warned that failure to respond to that Order may result in dismissal of the case for failure to prosecute. (Id.)

To date, plaintiff has not responded to the two Status Report Orders, filed a complaint in this action, or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua sponte</u> for lack of prosecution or noncompliance. <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

<u>Shannon v. Gen. Elec. Co.</u>, 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting <u>Nita v. Conn. Dep't of Envtl. Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. <u>Id.</u> at 194.

This case was removed in May 2019 and to date, Plaintiff has failed to file a complaint, respond to this Court's Orders, or otherwise prosecute this action. The Court warned plaintiff that failure to respond to the January 14, 2020 Order could result in the dismissal of the case. The Court has considered the relevant factors here and concludes that plaintiff's failure to comply with this Court's Orders or otherwise communicate with the Court warrants dismissal.[1] Accordingly,

---

[1] Furthermore, plaintiff's counsel has recently engaged in a pattern of abandoning his cases. Indeed, on January 14, 2020, the Court issued five other Orders in cases brought by plaintiff's counsel directing responses by January 21, 2020, and counsel failed to respond to a single one. (<u>See</u> Dockets 17-cv-2454, 19-cv-4562, 19-cv-4448, 19-cv-4325, 18-cv-7254.) The Court also had to dismiss two cases brought by plaintiff's counsel on January 14, 2020 for failure to prosecute and non-compliance. (<u>See</u> Dockets 19-cv-3771, 19-cv-3891.) The conduct by plaintiff's counsel in ignoring numerous Court Orders and failing to prosecute his cases brought before this Court further supports dismissing this action for failure to prosecute and noncompliance.

this case is dismissed for failure to prosecute and noncompliance, and the Clerk of Court is directed close this case.

**SO ORDERED.**

Dated: January 23, 2020  
Central Islip, New York

                                                          /s/ (JMA)  
                                           JOAN M. AZRACK  
                                           UNITED STATES DISTRICT JUDGE